UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMES D. HUMBERT,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-1221-16-0731-W-1

DATE: May 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James D. Humbert</u>, North Las Vegas, Nevada, pro se.

<u>Matthew S. Voss</u>, Esquire, North Las Vegas, Nevada, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective April 22, 2016, the agency terminated the appellant from his position during his trial period based on his alleged unacceptable conduct and behavior.  Initial Appeal File (IAF), Tab 4 at 20, 22-23.  The appellant filed an appeal with the Board, alleging that the agency terminated him from his position due to his protected activity, i.e., after he made complaints about other employees and "Human Resources actions."  IAF, Tab 1 at 1-6.

¶3 The appellant's appeal was docketed as an IRA appeal.  IAF, Tab 2.  The administrative judge issued an acknowledgment order apprising the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordering him to submit evidence and argument establishing Board jurisdiction over his appeal.  *Id.*  The appellant did not respond to the administrative judge's order.  The agency submitted a jurisdictional response and a motion to dismiss the appeal, arguing that the appellant failed to meet his burden of proving Board jurisdiction over his IRA appeal.  IAF, Tabs 4-5.  Alternatively, the agency argued that, even if the appeal were to be considered as a direct challenge of his

termination, it should be dismissed as untimely filed or for lack of Board jurisdiction because the appellant was a preference eligible in an excepted service position, serving in a trial appointment at the time of his termination, and not an "employee" with Board appeal rights under 5 U.S.C. § 7511. IAF, Tab 4 at 5-6 n.1. The appellant did not respond to the agency's motion to dismiss.

¶4      The administrative judge issued an initial decision without holding the appellant's requested hearing, in which he dismissed the IRA appeal for a lack of Board jurisdiction. IAF, Tab 6, Initial Decision (ID). The appellant filed a petition for review, and the agency filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the appellant failed to establish Board jurisdiction over his IRA appeal.</u>

¶5      The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013). Under 5 U.S.C. § 1214(a)(3), administrative remedies must be exhausted by seeking corrective action from OSC before seeking corrective action from the Board. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The purpose of the exhaustion requirement is to give OSC the opportunity to take corrective action before involving the Board in the case. *Id.* An appellant may demonstrate exhaustion through an initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. Exhaustion may also be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the

substance of the facts in the Board appeal. *Id.* The appellant must prove exhaustion with OSC by preponderant evidence, not just nonfrivolous allegations. *Id.*

¶6    Here, the administrative judge's acknowledgment order notified the appellant as to how to meet the jurisdictional requirements for an IRA appeal and ordered him to file evidence and argument sufficient to establish that he met those requirements. IAF, Tab 2 at 2-9. The appellant did not submit anything in response to the administrative judge's order and has not provided any additional evidence on review to demonstrate that he has exhausted his remedies before OSC. With his initial appeal, the appellant submitted a July 2016 letter from OSC in which OSC acknowledged the appellant's allegation that the agency terminated him for his complaints "about employees and human resources actions" but indicated that he had not provided OSC with copies of such complaints or any information about their substance. IAF, Tab 1 at 29. Absent any additional evidence of exhaustion, we find that the appellant failed to establish that he provided OSC with a sufficient basis to pursue an investigation. We therefore agree with the administrative judge that the appellant failed to prove exhaustion by preponderant evidence. Accordingly, we affirm the dismissal of the appellant's IRA appeal for lack of jurisdiction.[2]

We do not consider in this appeal the appellant's arguments raised for the first time on review.

¶7    The appellant argues for the first time on review that he was not serving in a probationary or trial appointment at the time of his termination and that he was an "employee" with Board appeal rights as defined by 5 U.S.C. § 7511. PFR File, Tab 1 at 3. The appellant also appears to argue for the first time on review that

---

[2] Because we find that the appellant failed to exhaust his administrative remedies with OSC, we need not consider the administrative judge's finding that the appellant failed to nonfrivolously allege that his disclosure to OSC was a contributing factor in the agency's decision to terminate him. ID at 9.

his termination was based on preappointment reasons and taken without proper procedures. *Id.*

¶8 The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). The appellant fails to make this showing. If the appellant wishes to pursue his claim that he was an "employee" with Board appeal rights or that the agency terminated him for preappointment reasons without following the required procedures, he should file a separate appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.